In re. Be Hoe.—McKune *vs.* McGarvey.

---

## McKUNE vs. McGARVEY.

*Sixth Judicial District Court, September* 1857.

FEME SOLE TRADER.—MORTGAGE.

A feme sole trader can alone execute a valid mortgage upon property acquired by her subsequent to the day of recording her declared intention to become benefited by the act, if such property was necessary to carry on the business which she selects.

————————, for plaintiff.

————————, for defendant.

BOTTS, J.—The plaintiff is the assignee of a note and mortgage upon which he sues, praying a decree of foreclosure and a personal judgment. The defendant, for McGarvey alone defends, pleads her coverture.

I find the following facts: On the 18th day of October, 1854, the defendants, being both married women, declared their intention of becoming sole traders in the business of "farming and stock raising." On the same day, they purchased the premises in controversy, and executed the note and mortgage declared on, to secure a part of the purchase money. The declaration was not recorded or published till the next day.

At common law, a note executed by a married woman was absolutely

void. She could be the recipient of a conveyance, but she could only convey, anciently, by fine and recovery, and latterly by deed in which the husband united. Under certain conditions, our statute concerning sole traders removes this disability. Were those conditions complied with by the defendant at the time of the delivery of the note and mortgage?

The provisions of the statute are, at first view, contradictory and inconsistent. The second section provides that, from the date of the declaration before a Notary Public, she shall be individually responsible in her own name for all debts contracted by her on account of her said trade or business. On the other hand, the third section declares that after the declaration has been duly made and "*and recorded*," such *feme covert* shall be subject to all the liabilities provided now, or hereafter to be provided by law against debtors and creditors. The only mode of reconciling these apparently discordant sections, is to hold, as I do, that under the second section she is made *liable* by the act of declaration, and that the third section is intended to secure her the fruits of the investment, provided she has *recorded* as well as *declared*.

Hence, I hold, as a matter of law, that on the 18th of November, 1854, the defendant was as capable of executing a note and mortgage as if she had been a *feme sole*.

It is claimed on the part of the defense, that the purchase of real estate is not included in the specification of the business of "farming and stock raising." I cannot permit my private objections to this statute to warp the general rules of construction, and under the operation of those rules, I cannot but think that the specification is large enough to cover the transaction. If the declarent is authorized to carry on the business specified in the declaration, she must be allowed to become the purchaser, even when she might be the hirer, of the things usual and necessary to the business she is authorised to conduct.

As matter of law, I find that the plaintiff is entitled to the relief he prays for.

Let the counsel draw the decree accordingly.